IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRUCE RYAN NAKAMURA,<br><br>   Plaintiff,<br><br>   vs.<br><br>HONOLULU COMMUNITY COLLEGE, KIMBERLEY M. GALLANT, CATHERINE GRIMALDI, ERIKA L. LACRO, MICHAEL T. ROTA, KENNETH S. KATO, BRIAN K. FURUTO, JOHN MORTON,<br><br>   Defendants.<br>_____ | CIVIL NO. 13-00054 JMS-BMK<br><br>ORDER: (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS, DOC. NOS. 18, 20 & 22; AND (2) DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND COMPLAINT, DOC. NO. 35 |

**ORDER:  (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS, DOC. NOS. 18, 20 & 22; AND (2) DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND COMPLAINT, DOC. NO. 35**

**I. INTRODUCTION**

Before the court are three nearly identical Motions to Dismiss filed by various Defendants,[1] and Plaintiff's Motion to Amend Complaint.  Doc. No. 35.  Because Plaintiff Bruce Ryan Nakamura ("Plaintiff") has failed to establish subject

---

[1] On February 26, 2013, Defendants Kimberley Gallant and Erika Lacro filed the first Motion to Dismiss.  Doc. No. 18.  On March 1, 2013, Defendants Brian Furuto, Catherine Grimaldi, and Kenneth Kato filed the second Motion to Dismiss.  Doc. No. 20.  Finally, on March 8, 2013, Defendants John Morton and Michael Rota filed the third Motion to Dismiss (collectively, the "Motions to Dismiss").  Doc. No. 22.  The three Motions to Dismiss raise the same issues.

matter jurisdiction and failed to state a cognizable claim for relief, the Motions to Dismiss are GRANTED. The court gives Plaintiff leave to amend and therefore, the Motion to Amend Complaint is DENIED AS MOOT.

## II. BACKGROUND

On January 30, 2013, Plaintiff, proceeding pro se, filed this action against Honolulu Community College ("HCC") and numerous current and former HCC employees[2] alleging reverse discrimination pursuant to 42 U.S.C. § 1981 and various state law claims.[3]  Doc. No. 1, Compl. at 1, 2, 94-96. Plaintiff seeks general and punitive damages, injunctive relief, interest, fees, and costs. *Id.* at 97-99.

Plaintiff's claims appear to be based on his dissatisfaction with actions taken and/or not taken by HCC employees between July 2010 and December 2012 in response to multiple complaints by Plaintiff about alleged unwanted attention and/or harassment by an HCC student. During the relevant time, Plaintiff was a student at HCC and worked part-time in an HCC computer lab. Plaintiff contends

---

[2] The Complaint named Defendants: Kimberley M. Gallant; Catherine Grimaldi; Erika L. Lacro; Michael T. Rota; Kenneth S. Kato; Brian K. Furuto, and John Morton. Doc. No. 1, Compl. ¶ 1. Plaintiff does not specify whether Defendants are named in their individual or official capacities.

[3] In addition to reverse discrimination (Count 1), Plaintiff asserts the following claims: failure to promote an academic environment conducive to learning (Count 2); dereliction of duty (Count 3); and gross negligence (Count 4). Doc. No. 1, Compl. at 94-96.

that, rather than protect him from this other student's unwanted attention and/or harassment, Defendants warned Plaintiff not to harass or contact the other student. Plaintiff alleges that the other student is mentally ill, that he is not, and that Defendants' conduct toward Plaintiff constitutes reverse discrimination. Plaintiff further alleges that these actions have harmed his academic studies and general well-being.

On February 26, March 1, and March 8, 2013, Defendants filed Motions to Dismiss. Doc. Nos. 18, 20, and 22. On May 17, 2013, Plaintiff filed a Memorandum in Opposition, Doc. No. 31, and on May 28, 2013, Defendants filed a joint Reply. Doc. No. 32. On June 3, 2013, Plaintiff filed a Motion to Amend Complaint. Doc. No. 35. A hearing was held on June 17, 2013.

### III.  STANDARDS OF REVIEW

**A.     Rule 12(b)(1): Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. The court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of a case." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). The moving party "should prevail [on a motion to dismiss] only if

the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001) (citation and quotation marks omitted); *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction. When the allegations of a complaint are examined to determine whether they are sufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Carson Harbor Vill., Ltd. v. City of Carson*, 353 F.3d 824, 826 (9th Cir. 2003). In a facial attack on jurisdiction, the court limits its analysis to the allegations of and the documents attached to the complaint. *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

In a factual attack on jurisdiction, the court may review evidence outside the complaint and need not presume the truthfulness of allegations in the complaint. *Safe Air*, 373 F.3d at 1039. Once the moving party presents evidence

to rebut the truthfulness of allegations in the complaint, however, the opposing party must provide sufficient evidence to satisfy its burden of establishing subject matter jurisdiction. *Id.* (citing *Savage*, 343 F.3d at 1039 n.2).

**B.     Rule 12(b)(6):  Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"  A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'"  *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, ---F.3d---, 2013 WL 1092793, at *4 (9th Cir. Mar. 14, 2013) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

Plaintiff is proceeding pro se; consequently, this court will liberally construe Plaintiff's pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).).

## IV. **DISCUSSION**

Defendants contend that Plaintiff's claims are barred by Eleventh Amendment immunity and Hawaii Revised Statutes ("HRS") 304A-108, that Plaintiff fails to state a cognizable claim in Counts 2 and 3, and they urge the court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. The court addresses each argument in turn.

### A.     Defendants' Capacities

As an initial matter, the court must determine in what capacity Defendants are being sued. Plaintiff does not specify whether Defendants are sued officially or individually, or both. When it is unclear whether defendants are sued in official or individual capacities, the court must examine "[t]he course of proceedings" to determine the capacity in which each defendant is sued. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); Fed. R. Civ. P. 8(e) (requiring that pleadings "be construed so as to do justice").

Throughout the Complaint, Plaintiff refers to each individual Defendant by his or her job title, followed by the individual's name. *See, e.g.*, Doc. No. 1, Compl. at 1-2 (naming Defendants as follows: "the mental heath specialist for [HCC] Kimberley M. Gallant, Educational Specialist Catherine 'Kay' Grimaldi, HCC Chancellor Erika L. Lacro, retired HCC Chancellor Michael T.

Rota, retired HCC Vice-Chancellor for Administrative Services Kenneth S. Kato, Interim HCC Vice-Chancellor for Administrative Services Brian K. Furuto, and University of Hawaii Vice-President for Community Colleges John Morton"). And Plaintiff's claims appear to be based on each Defendant's specific conduct and/or failure to take specific action in connection with each Defendant's position at HCC. On the other hand, Plaintiff alleges that "all Defendants deliberately decided not to intervene and stop [the other student's] abusive behavior[.]" Doc. No. 1, Compl. ¶ 52. To support this allegation, Plaintiff refers to specific correspondence and/or communications to each individual Defendant. Accordingly, the court construes the Complaint to allege claims against all individual Defendants in both their official and individual capacities.

### B.    Eleventh Amendment Immunity

#### 1.    *Legal Framework*

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Pursuant to the Eleventh Amendment, states cannot be sued in federal court, whether by their own citizens or citizens of another state.

*Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890).  Similarly, a suit for damages against state officials, in their official capacity, constitutes a suit against the state itself and therefore is barred by the Eleventh Amendment.  *Kentucky,* 473 U.S. at 166-67.  Although state officials are literally persons, "a suit against a state official is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).  "As such, [a suit against a state official] is no different from a suit against the State itself." *Id*.

    States and state officials may, however, be held to answer for damages in federal court in three limited circumstances: where the state waives its sovereign immunity, where Congress expressly abrogates state sovereign immunity with respect to a particular federal cause of action, and where Congress creates a statutory scheme under which states are the only possible defendants.  *Alaska v. EEOC*, 564 F.3d 1062, 1081-82 (9th Cir. 2009); *see also Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1991) (noting that Eleventh Amendment immunity is waivable); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (holding that Congress may abrogate Eleventh Amendment immunity in certain circumstances).

Further, *Ex parte Young*, 209 U.S. 123, 159-60 (1908), held that the Eleventh Amendment does not bar a suit to enjoin the unconstitutional actions of a state official. *Young* held that a state official who acts in violation of federal law, though sued in his or her official capacity, is "stripped of his official or representative character" because "the state has no power to impart to him any immunity from responsibility to the supreme authority of the United States." *Id.* The Supreme Court has limited the *Young* exception to suits for prospective relief against ongoing violations of federal law. *Papasan*, 478 U.S. at 277-78. Thus, relief that "serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment[.]" *Id.* at 278 (citing *Milliken v. Bradley*, 433 U.S. 267, 289-90 (1977)).

### 2. Section 1981 Discrimination Claim

In Count 1, Plaintiff asserts a claim of reverse discrimination in violation of 42 U.S.C. 1981 against all Defendants. Section 1981 guarantees to all persons the equal right to "enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all law and proceedings for the security of persons and property as is enjoyed by white citizens[.]" By its terms, this statute does not expressly abrogate the states' sovereign immunity. Further, courts have consistently held that the Eleventh Amendment bars § 1981 suits against the states

and state officials acting in their official capacities. *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012) (stating that the law is well-settled that § 1981 does not abrogate the states' sovereign immunity); *Pittman v. Oregon, Emp't Dep't*, 509 F.3d 1065, 1074 (9th Cir. 2007) (finding that § 1981 does not contain a cause of action against states); *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (holding that the Los Angeles Community College District was entitled to Eleventh Amendment immunity from the plaintiff's § 1981 claims). Thus, to the extent Plaintiff asserts Count 1 for damages against Defendants in their official capacities, this claim is barred by the Eleventh Amendment and is therefore DISMISSED.

Although not entirely clear, Plaintiff appears to seek prospective relief in the form of requiring Defendants to take action aimed at stopping any further alleged unwanted attention and/or harassment by the other HCC student -- in other words, possibly ending continued reverse discrimination against Plaintiff. To the extent Plaintiff seeks to enjoin Defendants from continuing to violate federal law, the Eleventh Amendment does not bar Count 1 (however, as discussed below, this claim is dismissed pursuant to Rule 12(b)(6) for failure to state a claim).

///

///

### 3. *State Law Claims*

Plaintiff asserts state law claims for failure to promote an academic environment conducive to learning (Count 2), dereliction of duty (Count 3), and gross negligence (Count 4) against all Defendants. Although Hawaii has waived its sovereign immunity as to some state tort and statutory claims, it has done so solely with respect to state court actions. HRS § 662-3 states that "the circuit courts of the State and . . . the State district courts shall have original jurisdiction of all tort actions on claims against the state." HRS § 661-1 similarly grants the state courts jurisdiction over "[a]ll claims against the State founded upon any statute of the State[.]" Nothing in the language of these statutes suggests that Hawaii intended to subject itself to suit in federal court. Moreover, the Hawaii legislature has specifically declared that it intended §§ 662-3 and 661-1 to extend jurisdiction to state courts, but not to federal courts. *See* Act 135 of 1984 Session Laws of Hawaii; *see also Office of Hawaiian Affairs v. Dep't of Educ.*, 951 F. Supp. 1484, 1491 (D. Haw. 1996) (discussing both plain language and legislative intent and holding that §§ 661-1 and 662-2, which waived the state's immunity for torts committed by its employees, do not waive the State's Eleventh Amendment immunity).

To the extent Defendants are named in their official capacities, they are therefore entitled to Eleventh Amendment immunity on these state claims. Counts 2, 3, and 4 are DISMISSED against HCC and Defendants in their official capacities.

**C.    Section 1981 Discrimination Claim (As to Injunctive Relief and Defendants in Their Individual Capacities)**

Section 1981 is limited to a cause of action for racial discrimination in the making or enforcement of a contract.  *See Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1123 (9th Cir. 2008) (limiting § 1981 to racial discrimination); *Runyon v. McCrary*, 427 U.S. 160, 168 (1976), *superseded by statute on other grounds* (explaining that Section 1981 "prohibits racial discrimination in the making and enforcement of private contracts").  Here, Plaintiff has not alleged any facts that could support a § 1981 discrimination claim -- i.e., that an act of racial discrimination interfered with his ability to make or enforce a contract.  Consequently, because Plaintiff fails to state a cognizable claim for discrimination under Section 1981, Count 1 is DISMISSED.

**D.    Remaining State Law Claims**

Plaintiff's remaining state law claims against Defendants in their individual capacities fail to state a claim.  Dismissal pursuant to Rule 12(b)(6) is warranted when there is either a "'lack of a cognizable legal theory or the absence

13

of sufficient facts alleged.'" *UMG Recordings,* ---F.3d---, 2013 WL 1092793, at *4. Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation [] be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation signals omitted).

        Plaintiff's Complaint, which is nearly one hundred pages long, with more than forty pages of exhibits, and comprises a confusing, at times redundant recitation of accusations, does not satisfy these requirements. *See McHenry*, 84

F.3d at 1177-80 (affirming district court's dismissal of the complaint for violation of Rule 8, where the complaint was "argumentative, prolix, replete with redundancy, and largely irrelevant," and failure to comply with court orders); *see also Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (discussing dismissals for overly lengthy complaints and observing that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations"). Furthermore, Plaintiff's Complaint is chock full of sweeping, conclusory statements, paraded as facts, that are insufficient to support the claims asserted. Accordingly, Counts 2, 3, and 4 against Defendants in their individual capacities are DISMISSED.[4]

## V. **CONCLUSION**

For the reasons stated above, the court DISMISSES the Complaint.[5] If Plaintiff chooses to file an Amended Complaint, Plaintiff must write short, plain

---

[4] The court recognizes that generally "verbosity or length is not by itself a basis for dismissing a complaint," *Hearns*, 530 F.3d at 1131, but finds dismissal of Plaintiff's Complaint warranted because of the numerous deficiencies noted above.

[5] Because the Motions to Dismiss are granted on other grounds, the court need not address Defendants' argument that HRS § 304A-108 bars Plaintiff's claims against all individual Defendants.

statements telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the specific basis of this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct.  Plaintiff must repeat this process for each person or entity that he names as a defendant.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint."  The Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the Complaint by reference. Plaintiff may include only one claim per count.  Any cause of action not raised in the Amended Complaint is waived.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff is given leave to amend as described in this Order by July 15, 2013.  Failure to file an Amended Complaint by July 15, 2013 will result in

automatic dismissal of this action.  Plaintiff is instructed to comply with Rule 8 when filing an Amended Complaint.

On June 3, 2013, Plaintiff filed a Motion to Amend his Complaint to include a claim that Defendants' conduct violated § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq.  Doc. No. 35.  Based on the foregoing, that Motion is DENIED AS MOOT.  However, the court advises Plaintiff that if he chooses to file an Amended Complaint to include a discrimination claim for violation of § 504 of the Rehabilitation Act, any state law claims must arise from the same facts or be so related to the federal claim that they are part of the same controversy in order for this court to have jurisdiction.  *See* 28 U.S.C. § 1367(a) (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

If Plaintiff seeks to assert only state law claims against Defendants,

///

///

///

///

this court would likely lack jurisdiction, so he should consider filing such an action in state court.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, June 18, 2013.



        /s/ J. Michael Seabright
        J. Michael Seabright
        United States District Judge

*Nakamura v. Honolulu Community College, et al.*, Civil No. 13-00054 JMS-BMK, Order: (1) Granting Defendants' Motions to Dismiss, Doc. Nos. 18, 20 & 22; and (2) Denying as Moot Plaintiff's Motion to Amend Complaint, Doc. No. 35